**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  | | |
|---|---|---|
| D. F., | : | **Civil Action No. 24-11028** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |
| | : | |

**CHESLER, District Judge**

　　This matter comes before the Court on the appeal by Plaintiff D.F. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act").   This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 78.1(b), finds that the Commissioner's decision will be vacated and remanded.

　　In brief, this appeal arises from Plaintiff's application for disability insurance benefits and supplemental security income, alleging disability beginning February 20, 2020.   A hearing was held before ALJ Kenneth Ayers (the "ALJ") on August 7, 2023, and the ALJ issued an unfavorable decision on December 26, 2023.   Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review on October 22, 2024, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In decision of December 27, 2023, the ALJ found, at step two, that Plaintiff had the severe impairments of obesity, anxiety disorder, depressive disorder, drug or alcohol abuse, and right hip and right knee degenerative changes.  At step three, the ALJ found that Plaintiff's condition did not meet the requirements of any of the Listings of Impairments.  At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with postural, environmental, and mental restrictions but cannot perform her prior work as a babysitter.  Finally, at step five, the ALJ found that there are jobs involving light, unskilled work that exist in significant numbers in the national economy that plaintiff can perform, such as Photocopy Machine Operator, Office Helper, and Mail Clerk.  Accordingly, the ALJ ultimately determined that Plaintiff was not disabled from February 20, 2020 through the date of the ALJ's decision, December 26, 2023.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded for three reasons: 1) at step four, the ALJ erred in making his RFC determination by failing to sufficiently evaluate certain medical opinions; 2) the ALJ's evaluation of Plaintiff's own testimony was not supported by substantial evidence; and 3) at step five, the ALJ relied on a flawed hypothetical question to the vocational expert  (Pl.'s Br. at 9, 16, 19).  Because the Court finds that the ALJ erred in making the RFC determination, which is Plaintiff's first argument, the Court need not reach Plaintiff's second and third arguments for remand.

In reviewing the ALJ's determination, this Court must affirm the Commissioner's final decision if it is "supported by substantial evidence." 42 U.S.C. § 405(g).  "Courts are not permitted to re-weigh the evidence or impose their own factual determinations."  Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011).  Further, on appeal, Plaintiff carries twin burdens of proof.  First, Plaintiff bears the burden at the first four steps of the analysis of demonstrating how

his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  Second, Plaintiff bears the burden of showing not merely that the Commissioner erred, but also that the error was harmful. Shinseki v. Sanders, 556 U.S. 396, 409 (2009).  At the first four steps, this requires that Plaintiff show that, but for the error, he might have proven his disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

Plaintiff argues that the ALJ failed to properly evaluate medical opinions and to properly determine Plaintiff's RFC.  (Pl.'s Br. at 9).  In deciding Plaintiff's RFC, the ALJ found that Plaintiff retained the ability to perform light work, subject to certain postural, environmental, and mental restrictions.  (Tr. at 32).  Plaintiff's objection to this determination succeeds because the ALJ failed to adequately explain his analysis of, and his apparent decision to ultimately disregard, Dr. Ivanov's medical opinion regarding Plaintiff's mental limitations.

In making his determination of Plaintiff's RFC, the ALJ, consistent with the Commissioner's Regulations, was required to articulate how certain important factors, such as the supportability and consistency of Dr. Ivanov's medical opinion, fit into his analysis.  See 20 C.F.R. § 404.1520c(b)(2) ("Our articulation requirements are as follows . . . we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.").  The ALJ did not do so here.  Instead, the ALJ made quick mention of Dr. Ivanov's medical assessment, did not actually analyze it, and called it "persuasive," before promptly ignoring its actual content.  (See Tr. at 34). For this reason, the ALJ's opinion does not comply with the relevant regulations and is not supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 401 (1971) (describing

3

substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").

This error is not harmless because Plaintiff has pointed to evidence in the record which may have resulted in a decision in his favor.  Specifically, Plaintiff points out that, according to Dr. Ivanov's opinion, Plaintiff was "occasionally" unable to, for up to one-third of an eight-hour work day, "(1) maintain attention and concentration for extended periods; (2) perform activities within a schedule and consistently be punctual; (3) perform at a consistent pace without rest periods of unreasonable length or frequency; (4) get along with co-workers or peers without distracting them; and (5) set realistic goals."  (Pl.'s Br. at 10) (citing Tr. at 928).  It appears that the ALJ overlooked the fact that Dr. Ivanov's form defined "moderate" to mean, "symptoms occasionally interfere with ability . . . up to 1/3 of an 8-hour workday."  (Tr. 928.)  Instead, the ALJ concluded simply that Dr. Ivanov's opinion was "persuasive," overlooking the level of impairment that Dr. Ivanov actually described.  (Tr. 34.)   It is not clear how Dr. Ivanov's opinion supports the ALJ's determination of Plaintiff's RFC, which does not include any of these limitations.  It was error for the ALJ to conclude that Dr. Ivanov's opinion fully supported the RFC determination at step four.

For the reasons set forth above, this Court finds that the Commissioner's decision is not supported by substantial evidence and the decision of the Commissioner is vacated and remanded for further proceedings in accordance with this Opinion. As this matter is remanded, the Court need not reach Plaintiff's additional arguments.

                                        s/ Stanley R. Chesler                    ___
                                        STANLEY R. CHESLER, U.S.D.J.

Dated: February 6th, 2026